Good morning, your honors. May it please the court. My name is Shannon Wainwright, and under the supervision of Caleb Mason, I am representing the petitioner in this matter, Ms. Olga Clarissa Garcia De Ruiz. This petition should be granted because the immigration judge's decision to ignore her delayed registration of birth was an abuse of discretion. This is a textbook case of an abuse of discretion because this decision was arbitrary, irrational, and contrary to law. First, this was irrational because he took impermissible speculation in reaching his decision. On page 73 of the record, I'm sorry, of the transcript, he took administrative notice of what he called a general pattern of behavior. Is this part of what you submitted to us with the motion for judicial notice? Yes, your honor. I believe so. So this is not part of the administrative record that was before the BIA. Is that correct? That's correct, your honor. How can we consider it? Well, your honor, because in the BIA's decision, I'm sorry, in the immigration judge's decision, he referred to concerns as to what as to the delayed registration of birth. And unless we have the transcript of what he considered in the initial hearing, we cannot know what those concerns were. So the transcript must be analyzed and examined to determine what exactly he was actually talking about. But if any document is not in the administrative record, are we free to consider it? Well, your honor, this Court is free to consider it as we have added it to the record. Well, can we consider something the BIA did not consider? Well, your honor, this Court can consider something, not that the BIA did not consider, but this Court can. It wasn't before, was it? No, your honor. However, the BIA was affirming everything that the immigration judge had already determined. And if the BIA was affirming what the immigration judge had determined, then what the immigration judge had determined must be examined. In this transcript, the immigration judge took administrative notice of what he called a general pattern of behavior of Mexicans to bring their children into the United States for the purpose of faking birth records. And there's no possible legal justification for this. Are you then conceding that the BIA adopted the IJ's reasoning on the merits and that therefore we should review the IJ's consideration of the merits? Yes, your honor. The BIA did adopt the immigration judge's ruling on the merits. Further, the immigration judge's decision was arbitrary. He lacked a factual basis to make his decision to reopen. He had no idea what happened in state court to issue her delayed registration of birth and cannot assume that the state court simply had the wool pulled over their eyes. He expressed concerns that this delayed registration of birth might have been fraudulently obtained, but had no facts to support that decision. He cites Matter of Cerna for the proposition that delayed registrations of birth have more opportunity for fraud. However, in Matter of Cerna, the BIA stated that for many persons who are born in this country, a delayed birth certificate may be the only type of birth certificate available to them. To penalize these persons because they were not born in hospitals or other facilities where births are registered would be unjust. Should we penalize them for being untimely, or should we just ignore that fact? Well, your honor, the petitioner was not untimely in this case. Oh, you don't want to say that, do you? Well, your honor, the delay was not her fault. She did not know that she had this claim to citizenship. You might say that, but you don't want to say she wasn't untimely, I don't think, unless you want to mistake the record. Well, your honor, it was delayed. That is true. However, this was not her fault. She did not know that she had this claim to citizenship until Mr. Gazziola, her attorney, had notified her of this. Oh, I wanted to know. You were saying what we should or should not consider. And I'm wondering, should we consider that factor? And I gather your answer is no. That's correct, your honor. So we should consider what you think we ought to consider to get the results you want, but we ought not consider the effect on the other side. Is that the posture? Am I misstating? Well, your honor, yes. However, there's reasoning for that, because she – because it was not her fault. This was – this was – You don't have to answer that question. I think I might have been taking advantage of the fact that you are a law student. Go ahead. Thank you, your honor. In matter of CERNA, the BIA actually remanded that case to determine whether or not this delayed registration of birth had actually been fraudulently obtained. The BIA recognized that an immigration judge cannot just simply dismiss a delayed registration of birth without actually looking at the facts. The immigration judge does not have the authority to ignore a state court judgment. Our federalism has not yet come to that. The government cites Cazares-Morenos for the proposition that the immigration judge can simply ignore and not give full faith and credit to the state court that issued this judgment. However, in Cazares, that was a case of stolen identity. It was not a case of obtaining a fraudulent birth certificate. In that case, the petitioner had been using a valid birth certificate of his deceased nephew and claimed it as his own. So in that case, the court was not determining whether the state court had been fooled by the petitioner. It was a case of stolen identity, and that is not – that is completely distinguishable from the case here. Ms. Garcia has a binding judgment from a state court saying that she was born here, which is just as much as any of us here in court have today to prove that we were also born here. Further, the immigration judge's decision was contrary to law. This court not only prohibits implicit adverse credibility determinations, but it requires a specific finding accompanied by a clear and direct explanation for doing so. However, here the immigration judge issued an implicit adverse credibility determination. In the transcript on page 73, he says, I would never call any of these family members untruthful, but then proceeds to essentially say they're untruthful. This is an implicit credibility determination, and he cannot issue one. Well, if you have somebody who's got a birth certificate from Mexico and has a birth certificate or is seeking a birth certificate from the United States, at some point a different story was told. Yes, Your Honor. I'm not sure what we're supposed to make of that. I mean, inherently in this case, whoever registered her birth said something incorrect one time or the other. So why is it that we're expected to assume that when she said something incorrect was the earlier time when the birth was registered in Mexico?  No, no, no. I'm saying there's not an adverse credibility determination. It is plain that at one time something untruthful was said. There's just no way around that. So the question isn't whether there's an adverse credibility determination. It's at which time was she being truthful and which time was she not being truthful. Well, Your Honor, the Petitioner asserts that she's being truthful now and that the reasons that she wasn't truthful before was simply so that she could get her education in Mexico. The baptism certificate that she issued is the very first document in time that was issued. And that says that she was born in California. The delayed Mexican birth certificate was issued more than five years after her birth. And the only reason she has this document is because her mother could not enroll her in school in Mexico without this birth certificate. So while these documents may have been fabricated, she is telling the truth now. No, they were fabricated. One was fabricated. Do you see, we have to look at the record and see what it shows. You can't tell us that it doesn't show that. Can you? No, Your Honor. The record absolutely shows that at least one of these, that the documents are contrary. I could make the argument, but you don't want to move it over because we're going to have to deal with this record as it is, don't you think? Yes, Your Honor.  However, here there is ample support for the delayed registration of birth, primarily the fact that a State court issued that judgment. Well, we also, now thanks to the 28-G letter, we know that there's a judgment from the Federal District Court in Arizona. What do we make of that? I'm sorry. Are you referring to the criminal case? Yes. Well, in that case, Your Honor, all acts that led to that case were, took place after the acts that took place here. So that's not. Well, she's convicted of making the false statement of being a United States citizen and applying for a passport. I mean, are we bound by that? Isn't that an issue preclusion that affects perhaps not what we do directly, but it will certainly affect anything that happens in the future with this case? No, Your Honor. This Court is not bound by that decision because, first off, that decision is being appealed right now. That criminal conviction is being appealed. And the prosecutor in that case used this case, this deportation proceeding, as the primary evidence of her conviction, of the fact that she was a Mexican citizen. The prosecutor waived her delayed registration of birth in front of the jury and said, this is not a real document. This is not a birth certificate. Apparently persuaded the jury of that fact. Yes, Your Honor. It persuaded the jury, but that was not something that the attorney was allowed to do. It is a valid State court judgment, and he has to allow the State court to. So an uncontested State court judgment trumps what the jury's verdict was in the Arizona case? Your Honor, not necessarily. However, this Court has to give at least some deference to the fact, and definitely the immigration judge has to give deference to the fact that the State court issued a ruling, and that ruling cannot just be simply ignored. That is irrational and arbitrary and contrary to law and an outrageous abuse of discretion. We've used your time. We'll still give you a minute for rebuttal. Thank you, Your Honor. We'll hear for counsel for the government. May it please the Court, Emmanuel Palau for the Respondent, the Attorney General. This case presents a narrow issue of whether the agency abuses discretion by denying a motion to reopen that was based on a delayed birth registration issued 30 years after the fact, where the record of the remote proceeding established there were five  documents that established and supported the prior determination that she was a citizen of Mexico, and that determination was never appealed by Ms. Garcia. If I could interrupt you for a moment. If we think that the BIA, notwithstanding the concession, didn't reach the merits, but decided only on the jurisdictional point, the departure bar, do we have to send it back because of our decision in Lynn and in Reyes-Torres saying that that departure bar is not actually correct, that analysis of the regulation is incorrect? Your Honor, as Petitioner has conceded, and we obviously agree, this Court would use both decisions because they have separate bases. I agree that the Board principally relied on the departure bar, and we know that that's not going to play in this circuit. However, there's two other bases set forth in the IJ's decision. How do we read the BIA's decision as incorporating that under our case law? I was having some trouble with that. Maybe you could explain that. Well, my response to that, Your Honor, is that they affirmed the decision. They didn't expressly take issue with either of the other two findings made by the immigration judge. So they refer to them in any fashion. I'm sorry? I mean, I had the same question. I don't see anything in the BIA's decision that makes reference to anything other than the departure bar. Do you see something there? I believe there is some additional discussion on the second page of the decision, which suggests they may have addressed the merits somewhat, but I would agree with the Court that it does not expressly refer to those other two bases in the IJ's decision. Just getting back to my initial hypothetical, I guess, if we decide that it did not rely on the IJ opinion, aren't we compelled to send it back to the BIA because its reliance on the departure bar is incorrect under our case law? If you agree, Your Honor, that the only basis for denying reopening is what's set forth in the board decision, and that only basis set forth in there is the departure bar, I can't argue that you could do anything but that. Okay. Thank you. But our position, of course, is that both must be looked at together. Here, the immigration judge did not act arbitrarily, irrationally, or contrary to law in denying reopening. Here, the immigration judge first applied matter of CERNA, which applies squarely here. Matter of CERNA says that a delayed birth registration is not conclusive evidence of nationality or citizenship, even if unrebutted. And it also counsels that it takes that position because of the potential for abuse in those types of documents. And it also counsels that each case must be looked at on a case-by-case basis. That's exactly what the IJ did here. It looked at the fact that there were five documents in the record issued by the government of Mexico establishing that Ms. Garcia had either been born in Mexico, held herself out as a Mexican citizen, or both. And it also noted that the certificate here was issued 30 years after the date of her alleged birth. And it also noted that, in passing, that Ms. Garcia's mother had admitted during the proceeding that she had lied about her daughter's nationality, which, again, was mentioned in the context of observing that the concerns addressed in matter of CERNA may be present here. Based on that, the immigration judge did not in any way disregard or invalidate or find that the registration was void. He just determined that based on the factors we just mentioned, which were set forth in CERNA, that it did not outweigh the five documents of record supporting the opposite conclusion, that she was a Mexican national and citizen. Therefore, he decided that, reasonably, that there's no point in reopening this proceeding to introduce the registration certificate because it was already outweighed by evidence of record. Don't you think, though, that we've got a little problem? If we would just say affirmed, would we not have to ignore certain things, certain questions that this record, as it's now set up, raises? In other words, I'm asking you in a roundabout way if Judge Ikuda hasn't suggested the right solution, and that is a remand. If we don't remand, we have to make certain determinations, and I think some of them would be factual. You don't think so? I don't think so, Your Honor. I think you review the – because the reasoning for denying – There's a strong reason to believe she might have been born in the United States. I'm sorry, you say there's strong reason? There's an alleged reason to believe she was born in the United States, and there's an alleged reason to believe she was born in Mexico, and both of those are part of this record. Your Honor, I would submit that the transcript that was submitted belatedly is not part of the record because it was not consulted by the IJ in deciding whether to grant reopening or not. We, I believe, allowed it to come in with the caveat that we thought it had little or no relevance. I see it's kind of been made the centerpiece of the argument here, and I think what's the answer to your question is that we're not here to review the agency's determination that was made back in 98  No, there was no appeal taken from that decision. Nothing that happened in that removal hearing can be before this court because no appeal was ever taken. It was waived with the assistance of counsel. And the record shows why. She thought she had some advantages by saying that her daughter was born in Mexico, at least as we look at this record, and don't we have to, as this court, this is it so far as she's concerned. And on this record, aren't there questions that we can't answer? No, sir. I think the only question, assuming that you agree that the IJ's two points are before this court, the only issue for this court is did the IJ abuse his discretion in denying reopening. We're not here to relitigate the issue of her citizenship. On some level, we may be because, in fact, there was now absolute documentary uncontested truth, something that establishes to the certainty that the president was born in Hawaii, that this woman was born in California. Now, if the IJ looks at that and says, I'm not persuaded, well, in fact, we are going back and visiting the issue because if we had that kind of ironclad proof, then it would be difficult to say the IJ's judgment is based on substantial evidence or is not arbitrary. So on some level, we're going back, and that puts me in a quandary because this so-called evidence isn't actually evidence. It's what appears to be a court order. Now, I don't know what to make of this court order delayed registration of birth. Is that a court judgment that we're compelled to give full faith and credit to? It doesn't itself express what evidence led the court to enter the order. It's a creature I'm not personally familiar with. I don't know if you are, but I'm not sure how we're supposed to weigh it. I'm sorry. The answer to your question is a matter of CERNA, which is binding board precedent. Does that speak to a court order of the same nature? It doesn't specify. It doesn't matter. It's one thing to me if it comes from a county clerk that issues a birth certificate. When I go to get a copy of my birth certificate, it comes from – so he's denominated a court order delayed registration, which suggests the possibility of some formal adjudication and a judgment that I'm compelled to give full faith and credit to. But now, Your Honor, you're applying de novo review to the decision. What you're saying is, in my opinion, Judge Clifton, I think a delayed birth registration might have some validity. I'm not so sure I would have denied motion to reopen. That's not the standard. It's abuse of discretion here. So unless – And if it's something that the IJ was compelled to give full faith and credit to, how is it not an abuse of discretion to say, I don't believe it, I'm going to cast it aside? Because your if is erroneous. He is not compelled. That's clearly what CERNA and other board precedents say. But you just told me that you didn't know if CERNA spoke to a court order. If it doesn't, then CERNA doesn't answer the question I'm posing, which is, if it's a court order, are we compelled to recognize it? Your Honor, I'm not arguing with you that. If you produce a document that compels a certain conclusion or legal effect, yes. And our argument strenuously is that a delayed birth registration by board precedent is not binding, even where unrebutted. It's at best prima facie evidence. And in the context of motion to reopen, what CERNA requires is that you go on a case-by-case basis. And that's exactly what happened here. So since the IJ here applied matter of CERNA, this Court hasn't overruled or cast any doubt on CERNA's validity. But we haven't had a case just exactly like this one ever. You probably haven't, Your Honor. Because, as you know, the mother might be dead wrong, but she felt it was to the daughter's advantage to prove that the daughter was born in Mexico, even though there's evidence suggesting that the child was born in America. Isn't that pretty much the status of this record as we review it? No, sir. Tell me no. Respectfully, you cannot relitigate the matter of her alienage based on what the mother testified to before the Immigration Court. That ship has sailed. No one ever appealed that. So what we're looking at here today, respectfully, Your Honor, is a delayed birth registration. Is that a sufficient basis to reopen a case that was decided back in 1998? And the standard of review over that decision by the IJ here is not to know, sir. I think we understand. Okay. And I would, again, strenuously argue that the Court lacks jurisdiction. Oh, my clock is going up. Excuse me. I will end and rest on our briefs. Thank you, Your Honor. Thank you. You know, there's just no doubt about who is responsible for the problems that we see in this case. The child's mother is responsible for those problems. And now we're supposed to sort it out, I gather, in your view. And our conclusion, in your view, is the child is a U.S. citizen. Is that my summarizing correctly? That's somewhat part of our argument, Your Honor, yes. The documents that the government refers to were not filled out by the Petitioner herself. They were filled out. But she initiated. She caused the problems that you're faced with. Now, you don't agree with that? I'm sorry. She did not? The child's mother did cause the problems that you're facing. Well, the child's mother caused at least one of the problems by filling out her Mexican birth certificate. Yes, Your Honor. However, the government relies heavily on CERNA. And in CERNA, the BIA remanded that case because the BIA recognized how important it was to actually recognize that the state court judgment cannot be simply ignored. The facts have to be looked at. And an immigration judge cannot just simply ignore a state court judgment. What do you think our bottom line should be? I'm sorry? What do you think our holding should be in this case on this record? Well, Your Honor, if this Court is willing to remand, similar to in matter of CERNA, to if it must be. We would prefer to have the petition reopened. But if this Court would like to remand, we would also be accepting of that. My time is up. We do what the record leads us to do. We don't have a strong desire one way or the other. But doesn't this record at least call for remand? At least, Your Honor. Yes. Thank you. Thank you. I commend you on your argument. I thank both counsel for your helpful presentations. The case just argued is submitted.
judges: Farris, Clifton, Ikuta